**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANTHONY S. HUNTLEY,
                    Appellant,

                    v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
CH-0752-13-0602-I-1

DATE: August 25, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>William Brown</u>, Tinton Falls, New Jersey, for the appellant.

<u>Deborah W. Carlson</u>, Chicago, Illinois, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal based on a charge of inappropriate conduct.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant held the position of Manager, Customer Services at the agency's Weathers Station in St. Louis, Missouri. Initial Appeal File (IAF), Tab 8 at 83 of 153. It is undisputed that in early 2012 the agency appointed the appellant as Officer in Charge of the St. Charles Post Office in St. Charles, Missouri. On June 15, 2012, the agency placed the appellant in an off-duty without pay status based on an assessment that his continued presence at work might disrupt day-to-day agency operations. *See id.* at 79 of 153. Also on June 15, 2012, the acting Area Manager Post Office Operations requested the Office of the Inspector General (OIG) to conduct an investigation into whether the appellant engaged in inappropriate communications with two female agency employees. IAF, Tab 8 at 48 of 119. During the investigation, OIG identified and interviewed additional individuals who alleged the appellant also made inappropriate comments to them. *Id.* Based on the information from OIG's investigation, the agency proposed to remove the appellant based on a charge of inappropriate conduct. *Id.* at 35 of 119. The charge included four specifications

of making inappropriate comments to four female employees and one specification of making inappropriate comments and text messages to another female employee. *Id.* at 35-39 of 119. The deciding official met with the appellant and subsequently sustained the charge and directed the appellant's removal. *Id.* at 32-33 of 119.

¶3 The appellant initiated a Board appeal challenging his removal. IAF, Tab 1 at 1, 5. The appellant waived any affirmative defenses during the prehearing conference. IAF, Tab 17 at 1-3. The administrative judge conducted a hearing and issued an initial decision that affirmed the agency's removal action. IAF, Tab 19, Initial Decision (ID) at 1. The administrative judge found the testimony of the agency's witnesses to be more credible than the appellant's testimony. ID at 8, 10. The administrative judge found the agency proved all five specifications of its charge of inappropriate conduct. ID at 10-11. Finally, the administrative judge found the deciding official properly considered the relevant *Douglas* factors, and the penalty of removal was reasonable. ID at 12-14 (citing *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981)).

¶4 The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition to the petition for review. PFR File, Tab 3.

The record supports the administrative judge's credibility determinations.

¶5 In his petition for review, the appellant makes unsupported allegations regarding two of the agency's witnesses, T.J. and D.T., attempting to challenge the credibility of their statements and hearing testimony. PFR File, Tab 1 at 8. The administrative judge found these witnesses' testimony to be more credible than the appellant's during the hearing. ID at 10. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it

has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, [288 F.3d 1288](), 1301 (Fed. Cir. 2002). Sufficiently sound reasons to overturn an administrative judge's demeanor-based credibility determinations include circumstances when the judge's findings are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole. *Brough v. Department of Commerce*, [119 M.S.P.R. 118](), ¶ 6 (2013). We find that the record supports the administrative judge's demeanor-based credibility determinations, and the appellant has failed to demonstrate sufficiently sound reasons for the Board to overturn the administrative judge's findings.

¶6        The administrative judge analyzed the *Hillen* factors in making her credibility determinations among witnesses. ID at 8 (citing *Hillen v. Department of the Army*, [35 M.S.P.R. 453]() (1987)). She expressly found the demeanor of many of the agency's witnesses to be influential in her credibility determinations. ID at 8-9. The appellant previously alleged that the agency's witnesses were "problems" and "up for discipline" and continues to do so in his petition for review; however, he has provided no evidence to support his allegations. ID at 9; PFR File, Tab 1 at 8. We find that the appellant's unsupported allegations are insufficient to warrant reversing the administrative judge's demeanor-based credibility determinations.

The agency proved the charge of inappropriate conduct.

¶7        The appellant argues on review that the agency failed to prove the charge and any of its specifications. PFR File, Tab 1 at 10-11. He argues that the agency relied on hearsay and failed to present convincing evidence that he intended to send the text messages to an agency employee. *Id.* at 8. The appellant does not identify the hearsay evidence that was allegedly presented and relied upon in the initial decision. The administrative judge relied heavily on each witness's hearing testimony in determining that the agency proved its charge, and the decision contains no reference to the administrative judge's

consideration of any hearsay evidence. ID at 3-11. We note that hearsay evidence is admissible in Board proceedings, and the assessment of the probative value of hearsay evidence necessarily depends on the circumstances of each case. *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 15 (2014) (citing *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83-87 (1981)). Given that the appellant has not identified any specific hearsay statements and that the administrative judge heavily relied on live witness testimony for her decision, we find no evidence of improper hearsay evidence to disturb the initial decision.

¶8      The appellant argues that the agency's charge is not supported by the evidence, restating much of the same information included with his initial appeal. PFR File, Tab 1 at 10-11; IAF, Tab 1 at 5-7. Each of the five women who made complaints about the appellant was interviewed by OIG, and OIG made a written record of each interview. IAF, Tab 8 at 59-72 of 119. The administrative judge noted in her initial decision that each woman testified at the hearing consistent with the record evidence and the identical pattern of conduct by the appellant. ID at 10. None of the women retracted their statements. The administrative judge also noted that the women at each location testified that they did not know the women at the other work location. ID at 9. The appellant submits no new evidence on review that supports his denial of the charged interactions with each employee. Therefore, we affirm the administrative judge's finding that the agency proved its charge.

¶9      The appellant alleges that the agency was required to prove his misconduct by substantial evidence. PFR File, Tab 1 at 8. The legal standard of proof for the agency to prove its action is by a preponderance of the evidence, which is defined as the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(a)(1)(ii), (c)(2). The administrative judge found the agency proved its charge under this standard and

not the lower standard of substantial evidence as alleged by the appellant.  ID at 11; 5 C.F.R. § 1201.56(c)(1).

¶10        The appellant argues that the deciding official based her removal decision on the documentation from the OIG investigation and the response meeting with the appellant.  PFR File, Tab 1 at 9.  The appellant alleges that the deciding official did not interview any of the witnesses involved in the charge against him. *Id.*  The appellant cites to no law, rule, or regulation that requires the deciding official to independently interview the witnesses and not rely on the agency's OIG, which is charged with conducting investigations such as the one involved in the present appeal.  An agency is obligated to make reasonable inquiries into exonerating facts brought to its attention by an appellant before removing him. *Uske v. U.S. Postal Service*, 60 M.S.P.R. 544, 550 (1994), *aff'd*, 56 F.3d 1375 (Fed. Cir. 1995).  The agency's OIG did investigate exonerating facts such as interviewing the woman who was alleged to be the intended recipient of the text messages.  IAF, Tab 8 at 101 of 119.  In addition, the appellant's written reply to the deciding official does not appear to contain any new facts that she needed to investigate prior to making her decision.  IAF, Tab 15 at 6-9.  We find that the deciding official was not required to conduct her own investigation and interviews over and above those conducted as part of the OIG investigation because the appellant did not provide any additional potentially exonerating facts that had not been investigated.

The penalty of removal was within the range of reasonableness for the charge.

¶11        The appellant appears to raise a disparate penalty claim on review that was not raised below in his claim that management has been inconsistent in the application of the *Douglas* factors and arbitrary and capricious in what constitutes a removable offense.  PFR File, Tab 1 at 11.  The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available

despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Even if we were to consider the appellant's argument, he has not alleged that a similarly-situated individual was treated differently. To establish disparate penalties, the appellant must show that there is enough similarity between both the nature of the misconduct and the other factors to lead a reasonable person to conclude that the agency treated similarly-situated employees differently, but the Board does not have hard and fast rules regarding the "outcome determinative" nature of these factors. *Boucher v. U.S. Postal Service*, 118 M.S.P.R. 640, ¶ 20 (2012). The appellant has not provided evidence of any similarly-situated employee being treated differently than he was; therefore, the appellant's disparate penalty claim must fail.

¶12        Where, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *See Douglas*, 5 M.S.P.R. at 306. The Board's function in this regard is not to displace management's responsibility but to assure that managerial judgment has been properly exercised. *Id.* at 302. In evaluating a penalty, the Board will consider, first and foremost, the nature and seriousness of the misconduct and its relationship to the employee's duties, position, and responsibilities. *Gaines v. Department of the Air Force*, 94 M.S.P.R. 527, ¶ 9 (2003). An agency may hold a supervisor to a higher standard of conduct than other employees. *Cisneros v. Department of Defense*, 83 M.S.P.R. 390, ¶ 19 (1999), *aff'd*, 243 F.3d 562 (Fed. Cir. 2000) (Table). In addition, the appellant had taken multiple training courses on sexual harassment and communicating with employees, as reflected in his training record and the agency's decision letter, to know that his conduct was inappropriate; yet he still engaged in this activity. IAF, Tab 8 at 28-32 of 119. We find no reason to modify the administrative judge's review of the agency's penalty determination. ID at 13-14. We agree with the administrative judge's and the

agency's conclusion that the seriousness of the appellant's repeated conduct warranted removal, particularly in light of his supervisory status.[2] *See Alberto v. Department of Veterans Affairs*, 98 M.S.P.R. 50, ¶ 12 (2004), *aff'd*, No. 05-3090, 2005 WL 1368150 (Fed. Cir. June 10, 2005).

The appellant's procedural claims do not warrant reversal of the initial decision.

¶13     The appellant alleges that the administrative judge made several procedural errors.  PFR File, Tab 1 at 8-9.  The appellant alleges:  (1) he was denied statements and notes taken from meetings; (2) he was unable to question the manager who suspended him because she did not testify; (3) he was denied the opportunity to call character witnesses; and (4) the agency used evidence of prior proposed discipline in violation of a prior settlement agreement.  *Id.*  We note that the appellant did not raise any of these issues prior to his petition for review.  Even if we were to consider each of the arguments raised by the appellant, each argument must fail based on the record.

¶14     The appellant alleges in his petition for review that he was denied a "[r]equest for information to include written statements, notes taken written or typed, court order or warrants to retrieve information."  PFR File, Tab 1 at 8. The appellant does not identify the specific items sought that were denied and provides no record of ever making any such requests to the agency.  In addition, the record below is silent on the appellant's ever seeking an order to compel during discovery for these items.  The only order issued by the administrative judge relating to discovery directed the appellant to respond to the agency's discovery requests.  IAF, Tab 12.  Because the record contains no evidence that

---

[2] The appellant raises allegations regarding the agency's handling of two other management employees, a Supervisor of Customer Service and a Manager of Customer Service.  PFR File, Tab 1 at 8.  Both of these allegations appear directed at the appellant's placement on an unpaid suspension while the OIG investigation occurred based on his comments about the disruption of day-to-day operations.  *Id.*  However, the appellant's appeal of his removal is before us and not his unpaid suspension. Therefore, these arguments are not germane to this appeal.

the appellant initiated the discovery requests or filed a motion to compel discovery, the appellant did not exercise due diligence in pursuing discovery and is responsible for the absence of the evidence to support his claims. *See Head v. Office of Personnel Management*, 53 M.S.P.R. 421, 422 (1992).

¶15     The appellant argues that he was unable to question the acting Area Manager Post Office Operations who suspended him because she did not testify at the hearing. PFR File, Tab 1 at 9. The appellant requested the witness, and the administrative judge approved her as a witness. IAF, Tab 15 at 11, Tab 17 at 4. The appellant, who was represented below, did not request a subpoena for the witness, and he failed to make a timely request for a continuance to obtain the witness's presence or show that such request was denied. *See Lohr v. Department of the Air Force*, 24 M.S.P.R. 383, 386 (1984). The appellant has not demonstrated how his failure to obtain the testimony of this witness denied him a fair hearing, impaired the proceedings, or prejudiced his substantive rights so as to require reversal of the initial decision. *See Dubiel v. U.S. Postal Service*, 54 M.S.P.R. 428, 432 (1992).

¶16     The appellant also alleges that he was denied the opportunity to call character witnesses. PFR File, Tab 1 at 9. The sole witness requested by the appellant on this issue was denied by the administrative judge based on relevance and because other approved witnesses could provide the same testimony. IAF, Tab 17 at 4, Tab 15 at 11. The appellant did not object to the denial of this sole witness request, and there is no evidence that the appellant sought to call additional character witnesses. IAF, Tab 15 at 11. The appellant's failure to timely object to rulings on witnesses precludes his doing so on petition for review. *See Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988).

¶17     Finally, the appellant argues that the agency violated a settlement agreement by using evidence that was withdrawn as part of the agreement. PFR File, Tab 1 at 9. The only evidence of the settlement agreement was in a proposed agency exhibit that the administrative judge rejected for admission and

was not included in the record.  IAF, Tab 17 at 5.  The appellant provided no evidence or allegation below or on review that the agency considered the discipline resolved with the settlement agreement as part of its removal decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of

attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.